UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JOSUE AGUILAR
TORRES,

        Petitioner,

    v.                         Case No.:  2:26-cv-01480-SPC-DNF

DAVID HARDIN *et al.*,

        Respondents,

## OPINION AND ORDER

Before the Court is Kevin Josue Aguilar Torres's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Aguilar Torres's reply (Doc. 6).  For the below reasons, the Court grants the petition.

Aguilar Torres is a native and citizen of Honduras who entered the United States as an unaccompanied child on October 23, 2021.  The Office of Refugee Resettlement released him to the custody of a relative on November 17, 2021.  Aguilar Torres has a pending asylum application and no criminal record.  On February 24, 2026, Florida Highway Patrol conducted an immigration raid at a grocery store, arrested Aguilar Torres as he was leaving, and handed him over to Border Patrol.  On February 25, 2026, Immigration and Customs Enforcement ("ICE") issued and served a I-200 arrest warrant. ICE commenced removal proceedings on March 2, 2026, by issuing a notice to

appear. At a custody redetermination hearing, an immigration judge found Aguilar Torres subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Aguilar Torres argues his arrest and detention violated the Fifth Amendment because they were not accompanied by any statutory or regulatory process. The parties agree his detention is governed by 8 U.S.C. § 1226(a), which states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).

I-200 warrants issued without a contemporaneous or previously issued notice to appear are invalid. *Castanon Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 848-53 (N.D. Ill. 2025). It makes sense. § 1226(a) authorizes detention of an alien "pending a decision on whether the alien is to be removed from the United States." A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before

2

issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.[1]

Courts in this district and elsewhere have ordered ICE to release detainees who were arrested under I-200 warrants before issuance of a notice to appear. *See Alejandro Arellano v. Quinones*, No. 26-cv-512-GAP-DCI (M.D. Fla. Mar. 9, 2026); *Landaverde Ardon v. Mina*, No. 6:26-cv-313-JSS-LHP, 2026 WL 530199 (M.D. Fla. Feb. 26, 2026); *Arango v. Genalo*, No. 25-cv-6720 (RER), 2025 WL 3637500 (E.D.N.Y. Dec. 16, 2025); *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025).

Here, DHS issued and served the I-200 arrest warrant after Aguilar Torres's arrest and before it issued and served the notice to appear. Thus, the government arrested Aguilar Torres without a warrant and before he was in removal proceedings, and the subsequently issued I-200 warrant is invalid. For these reasons, Aguilar Torres's arrest and detention were unlawful. *See Gopie*, 2025 WL 3167130, at *3 ("ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here.").

Accordingly, it is hereby

---

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim the arresting officer had the requisite probable cause here.

3

**ORDERED**:

Kevin Josue Aguilar Torres's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)     The respondents shall release Aguilar Torres within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4